**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4512**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

PURNELL WOOD,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:12-cr-00239-GCM-17)

———————

Submitted:  March 31, 2016              Decided:  May 17, 2016

———————

Before KING, SHEDD, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Daniel Johnson, Drew Nelson, WILLIS JOHNSON & NELSON PLLC, Raleigh, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Purnell Wood appeals the downward variant sentence of 21 months imposed following his guilty plea to conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d) (2012). On appeal, Wood's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning the reasonableness of Wood's sentence and whether trial counsel rendered ineffective assistance. Wood has not filed a pro se supplemental brief, despite being notified of his right to do so. We affirm.

We review a sentence's procedural and substantive reasonableness for an abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural error, such as improper calculation of the Sentencing Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, id. at 528, or failure to adequately explain the sentence, Gall v. United States, 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. Sentences within or below a properly calculated Guidelines range are presumed reasonable, and this "presumption can only be rebutted by showing that the

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Because Wood did not object to his Guidelines calculations below, we review for plain error. United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard). We conclude that Wood's sentence is procedurally reasonable. The district court properly calculated Wood's offense level, criminal history, and Guidelines range. The court afforded both parties an adequate opportunity to make arguments about the appropriate sentence and allowed Wood an opportunity to allocute. Additionally, the court's explanation for its sentence, in which the court addressed several of the § 3553(a) factors, was individualized and detailed. Moreover, Wood cannot overcome the presumption of substantive reasonableness accorded his below-Guidelines sentence.

Wood also summarily suggests that trial counsel provided ineffective assistance. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit

3

sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that such claims should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and find no meritorious ground for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wood, in writing, of the right to petition the Supreme Court of the United States for further review. If Wood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wood. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4